PER CURIAM.
This disciplinary proceeding is before the Court for consideration of a petition for leave to resign from The Florida Bar. The petitioning attorney seeks to resign with leave to apply for readmission after five years. The Florida Bar does not oppose the petition.
The Bar filed a complaint charging respondent with several counts of professional misconduct. A referee was assigned to hear the case. Meanwhile, respondent was adjudicated guilty of a felony in a circuit court of the State of Florida. Based on the felony conviction, respondent was suspended from the practice of law by order of this Court pursuant to rule 3-7.2(e) of the Rules Regulating The Florida Bar. The Florida Bar v. Dick, No. 69,831 (Fla. Jan. 27,1987). The Bar then amended its complaint in the instant case to include a count based on the conduct leading to the felony conviction.
Subsequently, respondent submitted to the referee a petition for leave to resign from The Florida Bar. The petition sought resignation with leave to apply for readmission at the end of a period of five years. *196 The referee’s report states that the petition to resign is the result of a consent judgment entered into by the Bar and respondent. Branch Staff Counsel for the Bar informs the Court that the petition for leave to resign “was entered into as a Consent Judgment” and has been approved as such by a designated reviewer on behalf of the Board of Governors of The Florida Bar. The referee recommends that the petition for leave to resign be accepted.
In the petition for leave to resign, respondent states the charges against him as follows:
COUNT I
(12A84H12)
A. In March, 1977, petitioner visited Rich Foley, a Canadian citizen, held in the Sarasota County jail on Canadian charges of possession of stolen credit cards. Petitioner agreed to represent Foley in extradition proceedings for a minimum fee and required an immediate retainer. Foley gave petitioner a diamond ring for collateral, which transaction later became an issue in a civil suit brought by Foley. Petitioner and Foley had no written fee contract at the time.
B. Later, Foley was charged with attempted escape and criminal mischief and petitioner agreed to represent him on those charges. Petitioner quoted a fee of $1,500.00 for the extradition case and agreed to give Foley a credit of $1,000.00 to $1,200.00 for the diamond ring in his possession. However, petitioner offered Foley the right to repurchase the ring within six months.
C. Later, Foley requested the return of the ring. Petitioner stated in a letter dated March 10, 1977, that he would return the ring upon payment of a fee of $250.00. Foley submitted a Canadian money order for $250.00, which petitioner refused to accept and returned to Foley. Petitioner retained the ring.
D. Foley brought a conversion action against petitioner in the Twelfth Judicial Circuit Court styled Foley v. Dick, Case No. 80-3840-CA-01 (Sarasota County). Foley was awarded compensatory damages against petitioner in the amount of $2,650.00 plus interest and punitive damages in the amount of $27,500.00. To date, petitioner has paid none of the damages awarded.
E. Petitioner is charged with the violation of Florida Bar Rules of Discipline: DR 1-102(A)(4); DR 9-102(A)(2); DR 9-102(B)(2); DR 9-102(B)(3); DR 9-102(B)(4) and Florida Bar Integration Rule, article XI, Rule 11.02(3)(a).
COUNT II
(12A84H19)
F. In 1977, petitioner was contacted by Mr. and Mrs. Roland Corneau, who owned the Point O’Rocks Motel, .that was located on Siesta Key, Florida. The petitioner entered into a contract with the Corneaus to jointly develop the Point O’Rocks Motel, as a time-share condominium. The petitioner, individually and in his capacity as president of Point O’Rocks Development Corporation (later known as Siesta Sands Development Corporation), executed the contract to purchase the property.
G. In June, 1981, petitioner drafted a warranty deed, transferring the property from the Corneaus, to the Siesta Sands Development Corporation and a mortgage to the Corneaus in the principal amount of $1,956,904.81. In June, 1981, the Corneaus were paid $50,000.00 by or on behalf of Siesta Sands Development Corporation, and subsequently were paid an additional $283,000.00. Petitioner did not record the mortgage, pursuant to his understanding that the mortgage was not to be recorded until construction financing could be obtained. Pursuant to the terms of an agreement, the Corneaus were to receive 51% of the stock in Siesta Sands and petitioner 49%; however, no stock certificates were issued and no minutes of meetings of the Siesta Sands Development Corporation were recorded.
H. In or about September, 1983, the clients paid $30,000.00 to satisfy amounts on the mortgage executed by petitioner, which had become overdue. On or about *197 April, 1984, the clients took over the property and have operated the project in an attempt to recover their equity therein.
I. Petitioner is charged with the violation of: DR 5-101(A); DR 5-104(A); DR 5-105(A); and DR 5-105(B).
COUNT III
(12A84H19)
J. On or about June 1, 1987, [sic] petitioner and Mr. and Mrs. Comeau entered into a joint venture on a development project known as Castaway Cove, located on Siesta Key, Florida. The Cor-neaus and another couple, the Bartons, each contributed $90,000.00 toward development of Castaway Cove as a condominium.
K. Petitioner, as president of D & J South, Inc. and individually, executed the joint venture agreement with the Cor-neaus and the Bartons, who each contributed $90,000.00.
L. Petitioner agreed to convey fee simple title on Unit IB of Castaway Cove to the Comeaus and Unit 4B of Castaway Cove to the Bartons upon completion of the development.
M. Petitioner secured a construction loan from a financial institution for Castaway Cove; however, as of May, 1984, the construction loan was in foreclosure proceedings.
N. Petitioner conveyed the respective units to the Comeaus and the Bartons by quit-claim deeds.
O. Petitioner is charged with violation of DR 5-101(A), DR 5-104(A), DR 5-105(A) and DR 5-105(B).
COUNT IV
(HFC87001)
P. On February 17,1986, an Information was filed against petitioner in the Twelfth Judicial Circuit, Florida, alleging several Counts of Grand Theft and Organized Fraud involving time share and preconstruction escrow deposits.
Q. On December 10, 1986, petitioner was adjudicated guilty of a felony, involving one Count of the Indictment for the violation of F.S. 721.08, regarding the mishandling of a preconstruction escrow deposit, in Sarasota Circuit Court Case No. 86-0839-CF-A-N1.
R. As a result of his adjudication, referenced in above paragraph, petitioner was placed on probation for a period of one (1) year and ordered to make restitution by repurchasing certain time share interval weeks sold to third persons, in the amount of $17,142.00 with a cap of $17,500.00.
S. Following the filing of a Notice of Determination of Judgment of Guilt by the Florida Bar, on January 27, 1987, petitioner was ordered suspended from the practice of law for a period of three (3) years and thereafter, until his civil rights are restored, effective as of February 16, 1987.
T. Petitioner is charged with the violation of Integration Rule, Article XI, Rule 11.02(3)(a); Disciplinary Rule 1-102(A)(4); and DR 1-102(A)(6)
Rule 3-7.11(b) of the Rules Regulating The Florida Bar provides in part as follows:
If it has been shown by the petitioner in a proper and competent manner that the public interest will not be adversely affected by the granting of the petition and that such will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession, the Supreme Court of Florida shall enter an appropriate judgment granting leave to resign; otherwise, the petition shall be denied.
The Florida Bar does not oppose the petition for leave to resign. We therefore conclude that the requirements of rule 3-7.-11(b) are satisfied. Respondent is granted permission to resign with leave to apply for readmission after five years. Respondent’s leave to resign is subject to the conditions stated in his petition, i.e., cooperation with any investigation made for the Florida Bar Client Security Fund and “all reasonable efforts to reimburse” the Fund *198 for payments made as a result of his conduct.
This resignation takes effect on the date of this order. The costs of the pending disciplinary proceedings are taxed against respondent. Judgment is entered against Robert H. Dick in the amount of $1,587.45, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.